NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAIRA YAMILETH GARCIA-DE
IRAHETA; KEILA SOFIA IRAHETA-
GARCIA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3651

Agency Nos.
A220-802-569
A220-802-568

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Saira Yamileth Garcia-de Iraheta and Keila Sofia Iraheta-Garcia, natives and

citizens of El Salvador, petition for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an immigration judge (IJ) denying their

applications for asylum, statutory withholding of removal, and relief under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252,

and we deny the petition for review.

The BIA did not err in concluding that Petitioners failed to meaningfully

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

challenge the IJ's denial of asylum, withholding of removal, and relief under the CAT. Petitioners' brief before the BIA was not sufficient to put it on notice of their challenge to the IJ's determinations that they failed to establish they were members of a cognizable particular social group and that they failed to show it was more likely than not that they would be tortured if returned to El Salvador. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). In their petition for review, Petitioners do not challenge the BIA's determinations that they waived these dispositive issues. Accordingly, they have forfeited review of the waiver determinations, and the issues are unexhausted. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (stating that issues not specifically raised and argued in a party's opening brief are waived). And, because the government properly raised the exhaustion requirement, we may not review Petitioners' unexhausted challenges to the IJ's dispositive determinations. *See Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024). Thus, we deny the petition.

**PETITION DENIED.**